# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BOBBI JEAN SEARS,<br><br>Plaintiff,<br><br>v.<br><br>MAGNOLIA PLUMBING, INC.,<br><br>and<br><br>JOSEPH J. MAGNOLIA, INC.,<br><br>Defendants. | Civil Action 10-02313 (HHK) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Bobbi Jean Sears brings this action against Magnolia Plumbing, Inc. and Joseph Magnolia, Inc., asserting claims of sexual discrimination, harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and common law tort causes of action. Before the Court is Joseph J. Magnolia, Inc.'s motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [#7]. Upon consideration of the motion, the opposition thereto, and the record of the case, the Court concludes that the motion should be denied.

## I. BACKGROUND

Bobbi Sears was hired as a payroll administrator at Magnolia Plumbing, Inc. in May 2005. She remained in this position until April 2008. Sears alleges that, throughout these three years, she was subjected to repeated and frequent sexual harassment by a number of Magnolia Plumbing, Inc.'s male employees. This harassment included inappropriate phone calls at all hours, comments about her physical appearance, unwanted touching, false sexual rumors, sexual advances, photographs of genitalia sent to her cellular telephone, an anonymous gift of lingerie,

and an "April Fools" request for her to process a fake work order with sexually explicit content. According to Sears, despite her numerous oral and written complaints about this conduct, Magnolia Plumbing, Inc.'s management failed to take any meaningful remedial action. To the contrary, she avers that various supervisors retaliated against her for making such complaints. After enduring three years of harassment and management's refusal to address the behavior, Sears resigned from her position.

## II. ANALYSIS

Joseph J. Magnolia, Inc. argues that Sears has failed to state a claim against it because she does not allege that the company employed her or that any of its employees engaged in any of the harassing or discriminatory conduct at issue.[1] Joseph J. Magnolia, Inc. points out that the allegations in Sears's complaint relate almost exclusively to Magnolia Plumbing, Inc. and its employees. Indeed, Sears makes only the following factual allegations involving Joseph J. Magnolia, Inc.: (1) Joseph J. Magnolia, Inc. and Magnolia Plumbing, Inc. maintain their main offices at the same location—600 Gallatin Street NE Washington, DC 20017, *see* Compl. ¶¶ 5–6;[2] (2) "The website 'MagnoliaCompanies.com' refers to both Defendant companies on its website, and has a single toll free number to reach both companies," *id.* ¶ 7; and (3) "Job applicants for both companies are directed to send resumes to the D.C. Office at Human

---

[1] Under Rule 12(b)(6), a court must dismiss a complaint or any portion thereof that fails to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2000).

[2] This location is where Sears worked for the majority of her three years of employment with Magnolia Plumbing, Inc., and where many of the alleged harassing and discriminatory acts took place. *See* Compl. ¶ 9.

Resources Department, 600 Gallatin Street, NE Washington, DC 20017." *Id.*[3] Joseph J. Magnolia, Inc. argues that these allegations are insufficient to state a claim against it.

Sears responds that Joseph J. Magnolia, Inc. and Magnolia Plumbing, Inc. are jointly liable for the actions of each others' employees because they should be treated as a "single employer." *See, e.g.*, *EEOC v. St. Francis Xavier Parochial Sch.*, 928 F. Supp. 29, 33 (D.D.C. 1996) ("[S]uperficially distinct entities that represent a single, integrated enterprise may be exposed to liability as a single employer."), *rev'd on other grounds*, 177 F.3d 621 (D.C. Cir. 1997). Sears's argument has merit.

To determine whether two separate corporate entities can be considered a "single employer" for liability purposes,[4] courts examine four factors: (1) interrelation of operations; (2) common management; (3) centralized control of labor relations and personnel; and (4) common ownership or financial control. *See Woodland v. Viacom, Inc.*, 569 F. Supp. 2d 83, 87 (D.D.C. 2008); *Tewelde v. Albright*, 89 F. Supp. 2d 12, 17 (D.D.C. 2000).[5] "Although the absence or presence of any single factor is not conclusive, the control over the elements of labor relations is

---

[3] In Sears's opposition to Joseph J. Magnolia, Inc.'s motion to dismiss, Sears introduces for the first time an array of allegations, supported by various exhibits, regarding Joseph J. Magnolia, Inc. and its relationship to both Magnolia Plumbing, Inc. and the conduct described in Sears's complaint. But "[f]actual allegations in memoranda of law may not be considered when deciding a Rule 12(b)(6) motion." *Sindram v. Merriwether*, 506 F. Supp. 2d 7, 10 (D.D.C. 2007); *see also Taylor v. FDIC*, 132 F.3d 753, 762 (D.C. Cir. 1997) (noting that, in deciding a Rule 12(b)(6) motion, courts "may not draw upon facts from outside the pleadings"). Accordingly, the Court will disregard these allegations.

[4] The "single employer" test is also sometimes referred to as the "integrated enterprise" test. *Tewelde v. Albright*, 89 F. Supp. 2d 12, 16 n.5 (D.D.C. 2000).

[5] These factors were originally promulgated by the National Labor Relations Board ("NLRB") for use in NLRB cases to determine whether two entities comprise a single employer in the context of labor disputes. *See Radio & Television Broad. Technicians Local Union 1264 v. Broad. Serv. of Mobile, Inc.*, 380 U.S. 255, 256 (1965). Thereafter, courts began applying them in Title VII and related cases. *St. Francis Xavier*, 928 F. Supp. at 33 (citing cases).

a central concern." *St. Francis Xavier*, 928 F. Supp. at 33; *cf. RC Aluminum Indus., Inc. v. NLRB*, 326 F.3d 235, 239 (D.C. Cir. 2003) (noting that not all four factors must be satisfied for a court to find a "single employer" under the test). The Court considers each factor in turn.

1. **Interrelation of Operations**

In examining whether two corporations have interrelated operations, courts look at various "indicia of interrelatedness of operations," including "combined accounting records, bank accounts, lines of credit, payroll preparation, telephone numbers or offices." *Woodland*, 569 F. Supp. 2d at 87. Here, Sears alleges at least two indicators of interrelatedness—she avers that Magnolia Plumbing, Inc. and Joseph J. Magnolia, Inc. share a telephone number and a common address. Compl. ¶¶ 5–7. Additionally, she alleges that they market themselves on the same website. *Id.* ¶ 7.

2. **Common Management**

To determine if two corporate entities have common management, "the court focuses on the existence of common directors and officers who exercise control over the daily operations and employment practices of the entities." *Hunter v. Ark Rests. Corp.*, 3 F. Supp. 2d 9, 18 (D.D.C. 1998); *see also St. Francis Xavier*, 928 F. Supp. at 34. To undertake this inquiry, the Court first takes judicial notice of certain corporate resolutions filed by the two companies with the Maryland Department of Assessments and Taxation. *See Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005) (noting that, when reviewing a motion to dismiss for failure to state a claim, a court may take judicial notice of facts on the public record).[6] The

---

[6] On January 15, 2008, each corporation filed a resolution changing its resident agent; these resolutions are signed by the corporations' respective Boards of Directors. These corporate resolutions are publicly available through the Maryland Department of Assessments and Taxation's website and, as verifiable public documents, are subject to judicial notice. *See* FED. R. EVID. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute in

4

companies' corporate resolutions indicate that Magnolia Plumbing, Inc. and Joseph J. Magnolia, Inc. have the same six individuals serving on their respective Boards of Directors—John D. Magnolia, Joseph M. Magnolia, Sr., Thomas Gambriel, Joseph M. Magnolia, Jr., Christian D. Magnolia, and Dominic D. Magnolia.  In other words, the membership of the Boards of Directors for the two companies are identical.  Further, Sears alleges that at least two, and perhaps three,[7] of the common directors are part of the management at Magnolia Plumbing, Inc.  *See* Compl. ¶ 88 (noting that she had made formal complaints to "the owner of [Magnolia Plumbing, Inc.], Mr. Joe Magnolia, Sr."); *id.* ¶ 158 (alleging that Dominic Magnolia was a member of "Magnolia's management"); *see also id.* ¶ 138 (referring to Dominic Magnolia as one of her "supervisors").  Drawing all reasonable inferences in her favor, Sears's allegations suggest that these common directors exercise at least some control over the daily operations at Magnolia Plumbing, Inc.

### 3. Centralized Control of Labor Relations and Personnel

"The centralized control of labor relations factor is the most important one in the [single employer] test."  *Richard v. Bell Atl. Corp.*, 976 F. Supp. 40, 44 (D.D.C. 1997); *see also Tewelde*, 89 F. Supp. 2d at 17–18.  This control must be "not merely potential, but 'actual and

---

that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."); *see also Kaempe v. Myers*, 367 F.3d 958, 965 (D.C. Cir. 2004) (finding documents recorded by the Patent Trademark Office to be "public records subject to judicial notice on a motion to dismiss"); *Ebersohl v. Bechtel Corp.*, 2010 WL 2164451, at *2 (S.D. Ill. May 31, 2010) (taking judicial notice of corporate records maintained online by the Illinois Secretary of State); *Access 4 All v. Oak Spring, Inc.*, 2005 WL 1212663, at *2 n.16 (M.D. Fla. May 20, 2005) (taking judicial notice of the records of the Florida Department of State, Division of Corporations, which reflected that one plaintiff was an officer and director of the other).  Notably, Sears attached these resolutions to her opposition to the motion to dismiss, and Joseph J. Magnolia, Inc. did not dispute their authenticity.

[7]    Additionally, many of Sears's allegations involve the conduct of a supervisor named "Chris Magnolia."  It is unclear whether "Chris Magnolia" is the same person as Christian D. Magnolia who sits on both companies' Boards of Directors.

5

active control of day-to-day labor practices.'" *Woodland*, 569 F. Supp. 2d at 88 (quoting *St. Francis Xavier*, 928 F. Supp. at 34). Here, Sears alleges that Magnolia Plumbing, Inc. and Joseph J. Magnolia, Inc. share the same human resources department. *See* Compl. ¶ 7. A shared human resources department strongly signifies centralized control over the day-to-day employment decisions of the two companies. *Cf. Scheidecker v. Arvig Enters.*, 122 F. Supp. 2d 1031, 1039 (D. Minn. 2000) (finding that the plaintiff had demonstrated centralized control of labor relations where the two corporate entities had a "shared human resources department").

### 4. Common Ownership or Financial Control

Sears does not allege that Joseph J. Magnolia, Inc. and Magnolia Plumbing, Inc. are commonly owned or have any financial ownership interest in each other.

\*       \*       \*

Sears's complaint is sufficient to withstand the instant motion to dismiss. While sparse, the factual allegations of the complaint—and the information judicially noticed regarding the composition of the corporate defendants' Boards of Directors—render it "plausible" that Joseph J. Magnolia, Inc. and Magnolia Plumbing, Inc. may be regarded as a "single employer" for liability purposes. The test for determining the issue is fact intensive, however, and courts understandably have been reluctant to dismiss affiliated corporate entities at the Rule 12(b)(6) stage prior to discovery. *See DeLa Cruz v. Piccari Press*, 521 F. Supp. 2d 424, 430 (E.D. Pa. 2007) (citing cases). Here, too, the Court will deny Joseph J. Magnolia, Inc.'s motion to dismiss. Sears's complaint, taken together with the judicially-noticed corporate resolutions, contains sufficient factual matter to "allow[] the court to draw the reasonable inference that [Joseph J. Magnolia, Inc.] is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.

## III. CONCLUSION

For the foregoing reasons, it is this 21st day of April 2011 hereby

**ORDERED** that defendant's Motion to Dismiss Defendant Joseph J. Magnolia, Inc. [#7] is **DENIED**.

    Henry H. Kennedy, Jr.
    United States District Judge